# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff - Appellee,

v.

AARON YOUNG,
Defendant/Petitioner.

Case No.18-cr-834




## REPLY TO GOVERNMENT'S RESPONSE TO YOUNG' SECTION 2255 MOTION

## INTRODUCTION

COMES NOW Petitioner, Aaron Young (hereinafter, "Young"), appearing pro se, and in support of this reply motion would show as follows:

## PRELIMINARY STATEMENT

As a preliminary matter, Young respectfully requests that this Court be mindful that pro se pleadings are to be construed liberally. See Rogers v. Boatright, 709 F.3d 403 (5th Cir. 2013); Estelle v. Gamble, 429 U.S. 97,106 (1976) (same); and Haines v. Kerner, 404 U.S. 519, 520 (1972) (same).

## RELEVANT BACKGROUND AND FACTS

Young writes for parties, who are familiar with the facts, procedural history, and scope of the claim(s) presented. Thus, he will recount only those facts necessary for this reply.

Pending before this Honorable Court is Young's section 2255 petition. Young argued that he is entitled to collateral relief because he was denied the effective assistance of counsel guaranteed by the Sixth Amendment. Specifically, On March

7, 2022, Young claimed that his counsel was ineffective because counsel did not argue for a lower base offense level with respect to the narcotics guidelines and failed to argue that the four-point misbranding enhancement should not apply. (Motion at 9–11.) Young requested that he be resentenced pursuant to a reduced Guidelines range. (Motion at 15.)

On the other hand, the Government claims that Young was a member of the Nine Trey Gangsta Bloods ("Nine Trey") and sold at least nine kilograms of fentanyl analogue with other members of Nine Trey. Young possessed firearms in furtherance of his drug trafficking. In addition, that Young shot a fellow Nine Trey member in order to increase his status within the gang.

That based on Young's own admissions during his guilty plea, that he and Kristian Cruz are partners in crime. That Cruz estimated that he sold approximately 80 kilograms of mixtures and substances containing fentanyl and fentanyl analogue from in or about 2016 through 2017. Cruz further testified that, although the mixtures contained fentanyl and fentanyl analogue, Cruz told people that the substance he was selling was heroin. Which is accounted for by a four-point enhancement in the base offense level for knowingly misrepresenting that he was selling heroin. At certain times throughout the narcotics conspiracy, Young and Cruz were selling pure fentanyl mixed with cutting agents as heroin.

**DISCUSSION**

Relevant Facts:

In this case, on April 19, 2019, Young appeared before the Court and pled guilty, pursuant to a plea agreement (the "Plea Agreement"), to Count One of the Indictment. In the Plea Agreement, the parties stipulated to the application of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), agreeing that the Stipulated Guidelines Sentence was 240 months' imprisonment. And, that he would get benefits (a reduction in his sentence or his plea to that count). However, he received no benefits for his plea, he was give the maximum sentence for that crime.

On December 2, 2019, the Court sentenced Young to a term of imprisonment of 240 months. (December 2, 2019 Sentencing Transcript ("Sentencing Tr.") at 31.) This was based on un-charged, un-proven relevant conduct. Not the crime to which he plea to.

**Section 2255:**

To prevail on an ineffectiveness claim, Young must demonstrate trial counsel performed deficiently and the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. at 687. The deficiency prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. at 687. The prejudice prong requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." Id. at 694

Section 2255 enables a prisoner who was sentenced by a federal court to petition that court to vacate, set aside, or correct the sentence because "the sentence was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (citation omitted).

A claim of ineffective assistance of counsel, however, is a permissible basis for bringing a § 2255 petition. The Sixth Amendment affords a defendant in criminal proceedings the right "to effective assistance from his attorney at all critical stages in the proceedings." Gonzalez v.
United States, 722 F.3d 118, 130 (2d Cir. 2013). A defendant claiming ineffective assistance must establish that (1) his "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

As for Strickland's first prong, a court "must judge [counsel's] conduct on the basis of the facts of the particular case, 'viewed as of the time of counsel's conduct,' and may not use hindsight to second-guess his strategy choices." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (quoting Strickland, 466 U.S. at 690). A court is to start from the "strong presumption" that counsel's conduct fell "within the wide range of reasonable professional assistance." Strickland, 466 U.S.

at 689. That is because there are many different ways to provide effective assistance, and "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." Strickland, 466 U.S. at 689–90; see id. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."); Rivas v. Fischer, 780 F.3d 529, 547 (2d Cir. 2015).

"In ruling on a motion under § 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " Gonzalez, 722 F.3d at 130 (quoting 28 U.S.C. § 2255). Thus, for a petitioner filing a motion under § 2255 to obtain a hearing, "the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." Id. at 131 (citing Machibroda v. United States, 368 U.S. 487, 494 (1962)).

**An Evidentiary is Needed in this Case**:

The claims made by Young are not conclusively refuted in this case. Without holding an evidentiary hearing where Young has an entitlement to relief on the grounds set-forth in his motion. That is not conclusively refuted and the live testimony of Young and, his former counsel, and his proposed witnesses was integral to the accurate assessment of the merits of Young claim(s). Would violate his rights to be heard under due process of law.

When the district court denies any form of an evidentiary hearing, the review of the district court's denial of a hearing is for clear error as to issues of fact, such as a district court's determination that the record precludes the claim, and de nova for issues of law. Harris v. United States, 367 F.3d 74, 79 (2d Cir.2004). Because Young' claim of ineffective assistance of counsel is a question of mixed fact and law, he should be able to have a hearing to prove his case.

Title 28 U.S.C. § 2255 provides that "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added). To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a "plausible" claim of ineffective assistance of counsel, not that "he will necessarily succeed on the claim."

The procedure for determining whether a hearing is necessary is in part analogous

to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. See Blackledge v. Allison, 431 U.S. 63, 80-83, 97 S. Ct. 1621, 52 L.Ed.2d 136 (1977).

The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made.

A hearing is appropriate when application includes "assertions of fact that a petitioner is in a position to establish by competent evidence". In this case Young would like to testify and call witnesses to support claims. Without holding an evidentiary hearing constitutes an error and abuse of discretion, or at a minimum reasonable jurist could debate whether the ruling constitutes an error or abuse of discretion, entitling Young to a COA on this issue. This is true because the record did not conclusively show that Young was not entitled to relief.

The Government offered no real reason to justify depriving Young of the evidentiary hearing to which he was and is entitled.

**Why is a Hearing Necessary?**

Almost five months after Young's guilty plea, but months before his sentencing, two of his co-defendants went to trial. At that time this Honorable Court began to sentence all of the petitioner's co-defendants. Eventually, Young learned that the godfather of the gang, Jamel Jones, received a 135-month sentence; the most violent among the gang's enforcers, Kifano Jordan, received a 188-month sentence; high-ranking member Roland Martin received 66 months; and the rest received sentences between 60 and 85 months.3 On December 2, the judge sentenced Young to 240 months, 52 months higher than the next highest sentence (Jordan's).

Judge Engelmayer found at Co-Defendant Mack's sentencing proceeding to control Young's sentencing. First, Judge Engelmayer knew and advised government counsel that facts proved at Mack's trial might affect co-defendants' sentences and so must be brought to the attention of all defense counsel.

Specifically, at the sentencing of Co-Defendant Jones on October 17, 2019, when discussing Cooperating Witness Kristian Cruz's testimony during Mack's trial, regarding heroin and fentanyl, Judge Engelmayer advised Government counsel Longyear as follows:

THE COURT: "One thought just for further sentencing... Just to avoid any delay during the proceeding, to the extent that there are facts that were developed at trial that aren't in the presentence report, for future defendants I'd ask you to identify for defense counsel the additional facts that you believe the Court should be considering from the trial, and at the sentencing have a letter exchange with them. Hopefully, you can agree on the facts or isolate any disputes, and that way it will expedite the sort of colloquy that we're having today."

At Young's co-defendant's (Mack's) hearing the Sentencing Court further stated that the trial record did not support a specific quantity of fentanyl contained or possessed by co-defendant Cruz to support a four-level enhancement in the narcotics conspiracy.

Given these facts, it was unreasonable Young's lawyer not to re-submit a challenge to Young's enhancement. Thus, the interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. See Hoggard v. Purkett, 29 F.3d 469 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The appointment of counsel is discretionary when no evidentiary hearing is necessary. See Hoggard, 29 F.3d at 471. In exercising its discretion, the court should consider the legal complexity of the case, the factual complexity of the case, and Petitioner's ability to investigate and present his claims, along with any other relevant factors. Id.; see also Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990). Where the issues involved can be properly resolved on the basis of the record, a district court does not abuse its discretion in denying a request for court-appointed counsel. See Hoggard, 29 F.3d at 471.

## CONCLUSION

For all the reasons stated herein and in the section 2255 Young request should be granted.

Respectfully Submitted,

[signature]

Aaron Young
Register Number 86428-054
FCI- Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on 4/7/22 , 2022 the foregoing REPLY TO GOVERNMENT'S RESPONSE TO YOUNG SECTION 2255 MOTION was served upon the U.S. Attorney for the Southern District of New York via U.S. mail and pre-paid mail

____________________________
Aaron Young, pro-se

Second Chance 4 R.E.A.L.
Tommy Walker
*Certified Paralegal*
Ph: (716) 348-9861
2ndChance4r.e.a.l@gmail.com
**P.O. Box 514 - Buffalo, NY 14215-0514**

RECEIVED
2022 APR 12 PM 4:12
CLERK'S OFFICE
S.D.N.Y.




USDC SDNY

Clerk of the Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Crim. Dkt JKR